**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4276

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN DANIEL MARTINEZ, a/k/a Amigo,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:22-cr-00014-FL-1)

Submitted:  March 27, 2025                                Decided:  April 10, 2025

Before WYNN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Michelle A. Liguori, Raleigh, North Carolina, Marcus Shields, ELLIS & WINTERS, LLP, Greensboro, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Daniel Martinez pleaded guilty, without a written plea agreement, to four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018). The district court established a base offense level of 22, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(3) (2021), relying on Martinez's prior conviction for possession with intent to manufacture, sell, or deliver heroin, in violation of N.C. Gen. Stat. § 90-95(a)(1), as the requisite controlled substance offense to apply § 2K2.1(a)(3). After applying enhancements and a downward adjustment and placing Martinez in criminal history category IV, the district court calculated an advisory Sentencing Guidelines range of 70 to 87 months' imprisonment and sentenced Martinez to a prison term of 70 months. In this appeal,[1] Martinez contends that, after *United States v. Campbell*, 22 F.4th 438, 441-44 (4th Cir. 2022) (holding that West Virginia offense of delivery of crack cocaine, which could include attempted delivery, was not a "controlled substance offense" under the Guidelines), his prior North Carolina conviction is not a controlled substance offense under USSG § 4B1.2. The Government moves for summary affirmance, arguing that Martinez's claim is foreclosed by our decision in *United States v. Miller*, 75 F.4th 215 (4th Cir. 2023). Although we deny the Government's motion, we affirm the criminal judgment.

---

[1] We held this case in abeyance for our decision in *United States v. Jackson*, 127 F.4th 448 (4th Cir. 2025). Upon the issuance of the mandate in *Jackson*, this appeal was removed from abeyance and is ripe for disposition.

At issue here is whether a North Carolina drug conviction satisfies the definition of a controlled substance offense in USSG § 4B1.2 and which published decision controls the analysis. In *Miller*, we held that—unlike the nearly identical West Virginia statute at issue in *Campbell*—N.C. Gen. Stat. § 90-95(a) "is a categorical match" with the definition of a controlled substance offense in the Guidelines. 75 F.4th at 230-31. We highlighted a key difference between the statutory schemes—"North Carolina separately criminalizes attempt offenses from drug offenses," *id.* at 230, but West Virginia does not, *id.* at 229, "at least as [the West Virginia scheme] was presented in *Campbell*," *United States v. Groves*, 65 F.4th 166, 173 (4th Cir. 2023). We noted that "[c]onstruing § 90-95(a)(1) to include attempt offenses would render [North Carolina's] attempt statute superfluous." *Miller*, 75 F.4th at 230.

Martinez nevertheless contends that, under this Court's "prior-panel-precedent rule, *Campbell* binds this Court, not *Miller*." Reply Br. at 3. We recently rejected a parallel argument in *United States v. Jackson*. 127 F.4th at 454-55. Jackson argued that our decision in *United States v. Davis*, 75 F.4th 428, 444-45 (4th Cir. 2023) (holding that the South Carolina statute at issue qualified as a controlled substance offense under the Guidelines' definition), was not controlling legal authority, despite being published. 127 F.4th at 454. "Instead, Jackson argue[d], because there [was] an irreconcilable conflict between *Davis* and the earlier-decided *Campbell*, *Campbell* continue[d] to control." *Id.* But "Jackson's argument [was] foreclosed by *Davis* itself," which had considered—and rejected—the argument that *Campbell* governed for purposes of the South Carolina statute.

3

*Id.* at 455. We noted that "Jackson may disagree with *Davis*'s analysis, but *Davis* is published, binding authority." *Id.*

Here, applying the court's reasoning in *Jackson*, Martinez's argument is foreclosed by *Miller*—a published, binding decision. We held in *Miller* that N.C. Gen. Stat. § 90-95(a) is a "categorical match" with the definition of a controlled substance offense in the Guidelines, reasoning that the North Carolina statute (like the South Carolina statute at issue in *Jackson*) criminalizes attempt offenses separately from drug offenses. 75 F.4th at 230-31. Although Martinez disagrees with *Miller*'s analysis—as the appellant in *Jackson* did with *Davis*—that is of no moment. Because this court has previously addressed in *Miller* the precise question Martinez raises in this appeal, and because *Miller* held that a conviction under N.C. Gen. Stat. § 90-95(a)(1) is a controlled substance offense under USSG § 4B1.2, the district court properly treated Martinez's North Carolina drug distribution conviction as a predicate controlled substance offense under the Guidelines and properly overruled Martinez's *Campbell* objection. The district court therefore committed no procedural error in calculating Martinez's Guidelines range.[2]

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Although Martinez also challenges the district court's alternative rationale for its sentence, we need not reach that argument given that we are upholding the court's conclusion that his prior North Carolina conviction is a controlled substance offense.

4